**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Hector Arias,<br><br>                              Plaintiff,<br><br>        -v-<br><br>Gilzeis Realty Company, LLC,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Hector Arias ("Plaintiff" or "Arias"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Gilzeis Realty Company, LLC ("GRC"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the applicable regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular and 1.5 times the applicable NYS Minimum Wage rate for such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendant for working and not being paid at a rate of at least the applicable New York State minimum wage rate, for each hour he worked for Defendant in a week; and (iii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

1

3.  Plaintiff is also entitled to recover his unpaid wages/benefits, minimum wages, overtime and non-overtime wages and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7.  Plaintiff Hector Arias ("Plaintiff" or "Arias") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8.  Upon information and belief and all times relevant herein, Defendant Gilzeis Realty Company, LLC ("GRC") was a New York limited liability company.

9.  Upon information and belief and at all times relevant herein, Defendant GRC maintained a principal place of business in New York County, NY including the five buildings that Plaintiff worked at located at 85, 89, 97 and 103 Seaman Avenue, New York, NY, 10034.

## STATEMENT OF FACTS

10. At all relevant times herein, Defendant was involved in the property management and real estate business.

11. At all relevant times herein, Defendant employed about 35 or more employees.

12. At all relevant times herein, Plaintiff was employed by Defendant for about 2 or more years ending on or about August 5, 2022.

13. At all times relevant herein, Plaintiff was employed by Defendant as a porter/handyman and performing all the manual, physical and repetitive tasks within this capacity such as mopping, cleaning, repairs, sorting and packing garbage, etc.

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular hourly rate of pay was about $8.75 an hour for 40 hours each week, and Plaintiff was not paid any wages for his overtime hours (hours over 40 in a week). At all times relevant herein, Plaintiff was paid at a rate lower than the applicable NYS minimum wage rate for the entire period of his employment with Defendant.

15. At all times relevant herein, Plaintiff worked 57-66.5 or more hours each week for Defendant – 6-7 days a week, with the exception of about 2 weeks during his employment with Defendant.

16. A more precise statement of the hours and wages may be made when Plaintiff Arias obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 and 12 NYCRR 141-2.1 are incorporated herein by reference.

17. At all times relevant herein, Plaintiff worked more than 40 hours a week for each week during his employment with Defendant.

18. At all times relevant herein, Plaintiff was not paid at a rate of at least 1.5 times the applicable regular rate for each and all overtime hours worked in a week, for each week during his employment with Defendant.

19. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least the applicable NYS minimum wage rate for each and all hours worked in a week, for each week during his employment with Defendant.

20. At all times relevant herein and for at least the last 12 weeks of Plaintiff's employment with Defendant, Defendant paid Plaintiff later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i), for about the last four months of his employment. See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

21. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

22. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

23. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

24. Upon information and belief, and at all times relevant herein, Defendant conducted business with vendors and other businesses outside the State of New York.

25. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of equipment and supplies.

26. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

27. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

28. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

29. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

30. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times the applicable rate of pay for all hours worked in excess of forty hours in a week for each week during his employment with Defendant.

31. At all times relevant herein Defendant failed and willfully failed to pay Plaintiff at a rate of at least the applicable federal and New York State minimum wage rate, for each hour he worked for Defendant in a week.

32. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29

CFR 516.4; 12 NYCRR 142-2.8 and 12 NYCRR 141-2.3), and Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

6

40. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

41. Plaintiff is entitled to recover from Defendant his unpaid overtime wages compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 141, 142 etc. (Unpaid OT + Min Wages)

42. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 141, 142.

44. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

45. Defendant failed to pay Plaintiff at a rate of at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1 and 12 NYCRR § 141-1.3.

**Relief Demanded**

45. Plaintiff is entitled to recover from Defendant, his unpaid minimum wages and overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

46. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

48. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid wages/benefits, minimum wages, non-overtime wages, and overtime wages, wage deductions, Plaintiff was entitled to, as required by NYLL §§ 191, 193 and 198.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

8

## Relief Demanded

51. Plaintiff is entitled to recover from defendant, his entire unpaid wages, including his unpaid wages/benefits, minimum wages, non-overtime wages, and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

53. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

54. As to his **Second Cause of Action**, award Plaintiff his unpaid minimum wages and overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 12 NYCRR § 141, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

55. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid wages/benefits, minimum wages, non-overtime wages, and overtime wages, wage deductions, plus maximum liquidated damages – including liquidated damages on all wages paid alter than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

56. Award Plaintiff prejudgement interest on all monies due;

57. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.


**Dated: Queens Village, New York**
        **September 4, 2022**


Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF